UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SCARLETT PAVLOVICH,<br><br>Plaintiff,<br><br>-against-<br><br>NEIL GAIMAN, AMANDA PALMER<br><br>Defendants. | C.A. NO. 3:25-CV-00078-JDP<br><br>**PLAINTIFF SCARLETT PAVLOVICH'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

Scarlett Pavlovich ("Plaintiff") hereby moves the Court for an extension of time to file her response to Defendant Neil Gaiman's ("Defendant") motion to dismiss, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure. The current deadline per the docket is 21 days, March 25, 2025.

Defendant filed his motion to dismiss on March 4, 2025. Dkt. 18. On March 7, 2025, Plaintiff served upon Defendant a Rule 11 letter, which is still under safe harbor protections and so is not attached.[1] This letter put Defendant on notice of the Rule 11 violations represented by their frivolous filing of voluminous text messages between the parties, and by their leaking of those messages to the media despite filing a motion to seal those very documents. Dkt. 20. Defendant's rule 11 safe harbor, which is 21 days after the service of the letter, ends on March 28, 2025. Fed. R. Civ. P. 11. That letter further requested of Defendant "please also confirm that you will either extend our time to respond to your motion until two weeks after that expiration, or, alternatively, will consent to the Court shortening the safe-harbor time so that we can oppose your motion only after it is certain you will be maintaining it in its current form." Plaintiff waited over a week for a response from Defendant, and, unable to procure an affirmative response to her request, emailed Defendant's counsel on March 17, 2025, asking them for a second time to take a position on this

---

[1] Plaintiff is willing to provide a copy of this in-camera to the Court upon request.

1

motion. This email is attached hereto as Exhibit A. Though Defendant addressed Plaintiff's Rule 11 issues and made countervailing threats of his own, Defendant's response included no direct reply to the extension request. The email in question is attached hereto as Exhibit B, but the Rule 11 letter and motion attached to it are withheld under the same safe harbor protections as the Rule 11 letter sent by Plaintiff.[2] On March 18, 2025, Plaintiff tried a third time to obtain Defendant's position on this motion, and did not receive a response. Unable to even get indicia whether this motion is or is not opposed, Plaintiff is forced to bring this before the Court. This third email is attached hereto as Exhibit C.

In his motion, Defendant raised several grounds to support the dismissal, many of which are based in an incorrect understanding of New Zealand law. In order to rebut those claims, Plaintiff has retained the services of an expert in New Zealand law, who needs time to analyze and refute the assertions made by Defendant. Meanwhile, the safe harbor window of Plaintiff's Rule 11 motion was passing simultaneously as opposition deadline, and Plaintiff could not know whether Defendant would be withdrawing portions of his motion. Consequently, Plaintiff could not know what issues would remain to be addressed. Defendant's March 17, 2025, response does not affirmatively take a position on whether he will be withdrawing his motion to dismiss, but from the tenor, it appears that he will not. *See* Exhibit B.

Under this District's Judge-Specific Rules, the response brief deadline for a summary judgment motion is usually twenty-one (21) days. That 21-day deadline is automatically generated by the system, which treats the Defendant's Motion as a dispositive motion, without the benefit of a preliminary pretrial conference or separate order to establish motion deadlines or briefing schedules. Also, Defendant has filed a Declaration accompanying his Motion to Dismiss, which makes

---

[2] And will be made available to the Court in-camera upon request as well.

available jurisdictional or venue/forum discovery to Plaintiff. This further supports extending Plaintiff's time to respond to the Motion to Dismiss.

For the reasons set forth herein, Plaintiff requires more time to prepare her opposition to Defendant's Motion to Dismiss. Rule 6(b)(1) states that the court may, for good cause, extend deadlines for any motion papers. Rule 6(b)(1) gives the court wide discretion to grant additional time. *O'Regan v. Arb. Fs., Inc.*, 246 F.3d 975, 989 (7th Cir. 2001). Thus, "an application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1165 (4th ed. 2021 update). Here, there is no evidence suggesting that Plaintiff is acting in bad faith in seeking this extension. Indeed, given the centrality of New Zealand law to Defendant's motion, it is routine that Plaintiff might seek out an expert to provide the Court with thorough and accurate statement of such laws. Further, extending the deadline to respond during the pendency of the Rule 11 safe harbor window effectuates the purposes of Rule 11 by discouraging rash action and the unnecessary legal work that may be avoided by Rule 11's operation. Finally, Plaintiff has made numerous good-faith attempts to confer with Defendant on the requested extension, unfortunately without a response. For the reasons set forth herein, no prejudice to Defendant will result if the Plaintiff's requested extension is granted.

THEREFORE, Plaintiff prays that this Court enter an Order granting the Plaintiff an additional 17 days up to and including April 11, 2025, to file a response to the Defendant's Motion to Dismiss.

Dated: March 19, 2025

By:

*/s/ Lane Haygood*
Lane A. Haygood (pro hac vice)
Dylan Schmeyer (pro hac vice)
Thomas Neville (pro hac vice)
Akiva M. Cohen, Esq. (pro hac)
KAMERMAN UNCYK SONIKER &
 KLEIN P.C.
1700 Broadway
New York, New York 10019
Tel: (212) 400-4930
lhaygood@kusklaw.com
dschmeyer@kusklaw.com
tneville@kusklaw.com
acohen@kusklaw.com
*Attorneys for Plaintiff*