UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SCARLETT PAVLOVICH,<br><br>                              Plaintiff<br><br>v.<br><br>NEIL GAIMAN<br>                              Defendant | Case No.: 3:25-CV-00078-JDP<br><br><br><br><br><br>**JOINT REPORT** |

The parties, through their respective counsel, respectfully submit the following Joint Report.

The date of the Fed. R. Civ. P. 26(f) conference was <u>May 12, 2025</u>.

1. Statement of the nature of the case:

Plaintiff: Ms. Pavlovich claims that Defendant Gaiman sexually assaulted her numerous times after she had befriended Defendant Gaiman's wife, Amanda Palmer, in New Zealand when she was 22 years old, poor, without secure housing or a stable means of income, and in fragile mental health. Ms. Pavlovich claims that Ms. Palmer and Defendant Gaiman were aware of her vulnerabilities and took advantage of those vulnerabilities and her financial situation and preyed upon her for Defendant Gaiman's own sexual gratification.

Ms. Pavlovich claims that Ms. Palmer would have her do unpaid personal favors such as running errands, babysitting, or helping Ms. Palmer around the house.

On February 1, 2022, Ms. Palmer asked Ms. Pavlovich to babysit for both her and Defendant Gaiman for the weekend, watching their mutual child at their separate homes, but Ms. Palmer promised that this time, she would be paid for her work.

Ms. Pavlovich arrived at Defendant Gaiman's house on the afternoon of February 4, 2022, spent an hour playing with Defendant Gaiman's child before Defendant Gaiman dropped his child off at a friend's house, and then once Defendant Gaiman was alone with Ms. Pavlovich, he sexually assaulted her.

Ms. Pavlovich claims that between February 4, 2022, and February 25, 2022, Defendant Gaiman sexually abused her numerous times and during this time, she was not paid for her work as a nanny or for other household services she provided despite being hired by Defendant Gaiman and Ms. Palmer to provide those services.

Ms. Pavlovich claims Defendant Gaiman's sexual abuse has caused her economic and non-economic damages, including but not limited to past and future medical expenses, past and future loss of wages, loss of earning capacity, mental suffering, emotional trauma, pain, anxiety, depression, distress, loss of enjoyment of life, PTSD, and betrayal trauma. Ms. Pavlovich claims damages for her economic and non-economic losses.

    a. Defendant: Plaintiff's claims are a sham. This is a strike suit designed to publicly tarnish Gaiman's reputation as an author and creator to force a non-deserved settlement. All the allegations asserted in Plaintiff's lawsuit arise from

purported conduct that occurred in New Zealand, where plaintiff is a citizen and Gaiman has permanent resident status. Plaintiff and Gaiman began a brief, personal relationship there in early 2022. Gaiman never assaulted Plaintiff. Indeed, Plaintiff's contemporaneous correspondence with Gaiman and others demonstrates that all conduct was consensual and "wonderful." Plaintiff's claims are entirely fabricated, but in any event should be adjudicated in New Zealand, if anywhere.

2. Related cases: *Pavlovich v. Palmer*, 1:25-CV-10263-NMG (United States District Court District of Massachusetts); *Pavlovich v. Palmer*, 25-cv-969 (United States District Court Southern District of New York)

3. Statement of material factual and legal issues to be resolved at trial:

    a. Plaintiff: The issues to be resolved at trial are whether Defendant Gaiman violated 18 U.S.C. §§1591, 1595(a); 18 U.S.C. § 1589; 18 U.S.C. § 1590(a), 1595(a); and 18 U.S.C. § 1594, 1595(a). Whether Defendant Gaiman is liable for the torts of Assault, Battery, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress. Whether Plaintiff Pavlovich has suffered damages caused by Defendant Gaiman's conduct, and if so, the amount of said damages.

    b. Defendant: The threshold issue is whether this Court is the proper forum to adjudicate Plaintiff's claims, which all arise based on alleged

   conduct that occurred in New Zealand. New Zealand is the proper forum for this suit.

4. Amendments to the pleadings:

   a. Plaintiff: None at this time.

   b. Defendant: None at this time.

5. Identity of any new parties:

   a. Plaintiff: None at this time.

   b. Defendant: None at this time.

6. Proposed Case Schedule:

   a. Motions to amend the pleadings and add parties: <u>July 28, 2025</u>.

   b. Expert disclosures:

      i. Plaintiff: <u>January 26, 2026</u>

      ii. Defendant: <u>February 23, 2026</u>

      iii. Rebuttal: <u>March 16, 2026</u>

   c. Dispositive motions: <u>February 2, 2026 (five months before trial)</u>

   d. Close of discovery: <u>May 22, 2026 (six weeks before trial)</u>

   e. Trial (estimated): <u>July 1, 2026</u>

   f. Length of trial: <u>14 days</u>

7. Discovery plan, pursuant to Fed. R. Civ. P. 26(f)(3):

    a. General Plan

        i. Initial disclosures: The parties will provide Initial Disclosures by June 11, 2025.

        ii. Topics for discovery: Discovery will be needed regarding the parties' and witnesses' communications, including communications between Defendant Gaiman, Ms. Palmer, Plaintiff Pavlovich, and any other witnesses related to the events surrounding the claims, including but not limited to texts and emails between the parties and witnesses.

        iii. Discovery issues: In consideration of judicial efficiency, Plaintiff requests an Order allowing discovery used in this case and in the companion case in the District of Massachusetts to be reciprocal and used in both cases. Gaiman opposes this request. He is not a party to the District of Massachusetts lawsuit.

        iv. Privilege issues: Plaintiff anticipates there may be a privilege issue with regards to her therapeutic medical treatment and records, and it is anticipated she will need a Protective Order in place. Gaiman opposes this request. Plaintiff put her mental health treatment at issue by filing this lawsuit in Wisconsin

5

federal court. The records will be disclosed during the trial. A protective order unnecessarily burdens counsel's ability to use and analyze records, including sharing those records with experts retained by the Defendant.

    v. Limitations on discovery: Plaintiff believes that a limit of 25 Request for Production of Documents, 25 Interrogatories, and 20 Requests for Admissions is proportional to the needs of the case. Gaiman opposes this request. There should be no limitations placed on written discovery.

    vi. Changes to discovery: At this time, the parties do not see a need for a change to discovery

    vii. Other orders: None at this time.

b. ESI

    i. Description of the parties' repositories of discoverable ESI:

        1. Plaintiff: Mobile devices, laptop and desktop computers.

        2. Defendant: None.

    ii. How discovery of ESI can and will be limited:

        1. Plaintiff: Plaintiff anticipates the need for a Protective Order of the ESI given the sensitive nature of the subject matter.

      2. Defendant: Gaiman opposes this request as there has been no showing that any of Plaintiff's communications are sensitive or confidential.

   iii. Methods of how discovery of ESI can and will be facilitated:

      1. Plaintiff: Plaintiff anticipates working with counsel for Defendant to agree upon the method of the exchange of ESI.

      2. Defendant: Counsel for the Defendant will work with Plaintiff's counsel to facilitate the ESI discovery.

   iv. Form in which ESI will be produced:

      1. Plaintiff: In its native format unless otherwise stipulated.

      2. Defendant: Gaiman will produce PDF files of any relevant correspondence.

8. Any other matters affecting the just, speedy or inexpensive determination of this case, or that which the court should consider in setting the schedule:

   a. Plaintiff: Defendant Gaiman filed a Motion To Dismiss, which has been recently fully briefed. In order to keep litigation costs proportionate to the needs of the case, the Court should consider the impact of the parties litigation costs and the impact on scheduling during the pendency while the Court considers their ruling.

b. Defendant: The Court should decide the Motion To Dismiss prior to the commencement of any discovery in this action because this Court is not the appropriate forum in which to adjudicate the dispute.

Respectfully submitted this __21st__ day of May 2025.

*/s/ Matthew R. Jelenchick*
Matthew R. Jelenchick (#1037765)
**NIEBLER, PYZYK, CARRIG, JELENCHICK & HANLEY, LLP**
PO Box 444
Menomonee Falls, WI 53052
Phone: 262-254-5330
mjelenchick@nieblerpyzyk.com
*Counsel for Plaintiff*

*/s/ Michael Nimmo*
Michael Nimmo (Pro Hac Vice)
**WAHLBERG, WOODRUFF, NIMMO & SLOANE, LLP**
4601 DTC Blvd., Suite 950
Denver, CO 80237
Phone: 303-571-5302
Michael@denvertriallawyers.com
*Counsel for Plaintiff*

*/s/ Andrew Brad Brettler*
Andrew Brad Brettler (Pro Hac Vice)
Jake A. Camara (Pro Hac Vice)
**BERK BRETTLER, LLP**
9119 W. Sunset Blvd.
West Hollywood, CA 90069
Phone: 310-278-2111
abrettler@berkbrettler.com
jcamara@berkbrettler.com
*Counsel for Defendant Neil Gaiman*

Stephen E. Kravit (#1016306)
Brian T. Fahl (#1043244)
Wesley E. Haslam (#1121993)
Andrea N. Panozzo (#1122016)
**KRAVIT, HOVEL & KRAWCZYK**
825 N. Jefferson St., Suite 500
Milwaukee, WI 53202
Phone: 414-271-7100
kravit@kravitlaw.com
btf@kravitlaw.com
weh@kravitlaw.com
anp@kravitlaw.com
*Counsel for Defendant Neil Gaiman*

Lane A. Haygood (Pro Hac Vice)
Dylan Schmeyer (Pro Hac Vice)
Thomas Neville (Pro Hac Vice)
Akiva M. Cohen (Pro Hac Vice)
**KAMERMAN UNCYK SONIKER & KLEIN, P.C.**
1700 Broadway
New York, NY 10019
Phone: 212-400-4930
lhaygood@kusklaw.com
dschmeyer@kusklaw.com
tneville@kusklaw.com
acohen@kusklaw.com
*Counsel for Plaintiff*