# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

SCARLETT PAVLOVICH,
                Plaintiff

v.

NEIL GAIMAN
                Defendant

Case No.: 3:25-CV-00078-JDP

**CASE MANAGEMENT PLAN TO ADDRESS THE MANNER AND SCOPE OF DISCOVERY**

1. **Alternative Dispute Resolution**

   The parties do not believe formal alternative dispute resolution will be productive at this time. The parties will provide a settlement letter by June 11, 2026, the deadline set by the Court, and will agree to engage in alternative dispute resolution if both parties believe it has the potential to be productive or if required by the Court rules/order.

2. **Proposed Deadline for Joining Additional Parties**

   The Court has set the deadline to Amend the Pleadings without leave of the Court as July 28, 2025. The parties agree that the deadline for joining any additional parties shall also be July 28, 2025.

3. **Proposed Discovery Plan**

   a. **Fed. R. Civ. P. 26(f) Conference**

   The Fed. R. Civ. P. 26(f) conference was held via phone call on May 12, 2025. Plaintiff and Defendant were both represented by counsel. Plaintiff's and Defendant's initial disclosures were exchanged on June 12, 2025.

   b. **Discovery to be Conducted**

   Plaintiff intends to serve written discovery requests to Defendant Gaiman and issue a subpoena to produce documents to witness Amanda Palmer. Plaintiff anticipates taking depositions

of Defendant Gaiman, witness Amanda Palmer, witness Misma Anaru, witness Wayne Mueller, and any expert witnesses disclosed by Defendant Gaiman. Plaintiff intends to retain and disclose experts potentially on the subjects of BDSM and/or kink, psychology, and economics. Plaintiff may need to take depositions of other witnesses; however, it is unknown who those may be until the topic areas of disclosed witness testimony becomes known.

Defendant intends to serve written discovery requests to Plaintiff and intends to issue and serve deposition subpoenas to the witnesses identified in the Parties' respective Initial Disclosures. Further, Defendant will seek discovery from Plaintiff's treating physicians and any medical and/or mental health experts upon which Plaintiff intends to rely. Defendant anticipates retaining his own medical and trauma experts. Given the complexities involved with the international nature of this suit and the procedural hurdles that come with cross-border discovery through the Hague Convention or New Zealand's Evidence Act of 2006, Defendant reserves the right to seek relief from the current discovery deadline and to amend this discovery plan to the extent necessary and/or appropriate.

c. **Limitations on Discovery**

The Parties agree to the following discovery limits: 15 oral discovery depositions; 25 written interrogatories; and 30 Requests for Admission.

Plaintiff contends that no changes or additions should be made to the limitations to discovery imposed under the Federal Rules of Civil Procedure. Plaintiff further contends that the issues involved in the underlying case do not lend to the need for abnormal or excessive discovery. Therefore, Plaintiff proposes a limit of 30 Requests for Production of Documents per party in light of the needs of the case. Plaintiff contends that the issues in this case are not document intensive nor involve complex issue and therefore proposes a limitation of 30 Requests for Production of Documents.

Defendant suggests the following discovery limitation: no limit on Requests for Production. However, Defendant notes that a great number of these witnesses will testify to very discreet issues and the parties will not need an entire day for each deposition. Defendant also notes that the depositions of any witnesses who reside outside of the United States will need to be conducted through the Hague Convention for those witnesses in England or the New Zealand Evidence Act of 2006 for the New Zealand witnesses. Those provisions will dictate how discovery may be taken from non-United States witnesses. Defendant opposes a limit on Requests for Production because an unlimited Request for Production allows the parties to be specific and targeted in their requests for production. Limiting production requests forces the parties to make very general requests that can lead to discovery disputes.

### d. Management of Discovery

Plaintiff submits that the Federal Rules of Civil Procedure and the Local Civil Rules shall be used to manage discovery to minimize expenses. Plaintiff proposes that to keep discovery costs proportional to the needs of the case, any depositions of non-party witnesses who reside outside of the United States be taken remotely via Zoom or similar software. Plaintiff proposes that for parties or non-party witnesses located within the United States, counsel for the party taking the deposition should have discretion whether the deposition will proceed in person or remotely.

While Defendant agrees that the discovery depositions of most foreign non-party witnesses can be conducted via Zoom or similar software in an effort to minimize expenses, Defendant reserves the right to conduct in-person depositions of foreign non-party witnesses so long as an in-person deposition is allowed by either the Hague Convention or the New Zealand Evidence Act of 2006.

Defendant also notes that the parties may need to conduct trial depositions in this case if witnesses cannot be compelled to appear and testify at trial under the procedures set forth in the Hague Convention or the New Zealand Evidence Act of 2006.

The parties agree that the issues in this case do not involve the need for extensive expert opinion testimony and therefore agree to a limit of one retained expert per subject area in order to keep discovery costs proportional to the needs of the case. The parties agree to share discovery from third parties and will present discovery disputes to the Court pursuant to the Court's procedures.

    e. **Other Orders to Be Entered by the Court**

The parties agree that, at the time of the Joint Status Report and the Proposed Protective Order, no other orders should be entered by the Court pursuant to Fed. R. Civ. P. 26(c). The parties have submitted a proposed Protective Order for the Court's consideration concurrent with this discovery plan.

4. **Date of Completion of Discovery**

The Court has ordered that all discovery be completed by June 4, 2026, and that F.R.C.P. 26(a)(3) pre-trial disclosures be filed by June 18, 2026. The Court has further ordered that dispositive motions, if any, will be filed by February 2, 2026. The parties agree that the deadline for the service of document requests and interrogatories: April 4, 2026.

Defendant notes that the parties may not be able to complete foreign depositions by April 4, 2026 due to delays inherent in seeking discovery through the Hague Convention or the New Zealand Evidence Act of 2006. If discovery cannot be completed, the Parties reserve the right to seek relief from the current discovery deadline and trial schedule.

5. **Preservation of Discoverable Information.**

The parties agree to maintain and not destroy any discoverable information that may be related to this matter, including social media postings. The Parties do not know of any issues relating to the preservation of discoverable information.

6. **Inadvertent Production of Privileged Information.**

The parties agree to not read anything believed to be an inadvertent disclosure of privileged information and to notify one another if they believe an inadvertent disclosure has occurred as soon as practicable as well as deleting or destroying such purported privileged materials.

7. **Electronically Stored Information.**

The Parties are working collaboratively on an ESI plan and will update the discovery plan when a complete agreement is reached.

Dated this 18th Day of June, 2025.

**KAMERMAN UNCYK SONIKER & KLEIN PC**
Attorneys for Plaintiff

*Electronically signed by Thomas Neville*
Thomas Neville (Pro Hac Vice)

Dated this 18th Day of June, 2025.

**KRAVIT, HOVEL & KRAWCZYK**
Attorneys for Defendant

*Electronically signed by Brian T. Fahl*
Brian T. Fahl (#1043244)