UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCARLETT PAVLOVICH,

                Plaintiff,

v.                                               Case No. 25-CV-00078-jdp

NEIL GAIMAN.

                Defendant.

---

**PROTECTIVE ORDER**

---

       Based on the Stipulation of the parties and the factual representations set forth therein, the Court finds that exchange of sensitive information between or among the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties or to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony.

       **IT IS THEREFORE ORDERED THAT**, pursuant to Fed. R. Civ. P. 26(c) and Civil L. R. 26(e):

    A.    **DEFINITIONS AND BACKGROUND INFORMATION.**

       a. As used in this order, the word:

           i. "Party" or "Parties" shall include Plaintiff Scarlett Pavlovich and Defendant Neil Gaiman.

           ii. "Person(s)" shall include any "Party" or non-party to this action, whether an individual, corporation, partnership, company, unincorporated association, governmental agency, or other business or governmental entity.

    iii. "Confidential Material" or "Confidential Document" shall mean any and all documents or other materials produced in this litigation, including in response to Requests for Production of Documents as well as any confidential or proprietary documents, data, or information provided in response to other written discovery requests, interrogatory answers or deposition testimony. All Confidential Materials (including interrogatory answers) shall be Bates stamped and marked as "CONFIDENTIAL pursuant to Case No. 25-CV-00078-jdp" with a watermark or legend. By agreement between the Parties (confirmed in writing) additional documents may be designated as Confidential Material subject to the terms of this Stipulation and Order.

b. <u>Nature of this Agreement and Order:</u>

It is the purpose of this Order that the discovery process in this litigation not subject any Party to annoyance, embarrassment, oppression, or undue burden or expense.

c. <u>Public Health and Safety Not at Issue:</u>

The documents and information at issue do not involve the public health and safety, a public entity, or issues important to the general public.

d. <u>Good Faith Discovery Cooperation:</u>

It is the purpose of this Agreement and Order and the desire of the Parties to make the broadest range of reasonably relevant documents available to each other, without waiving any trade secrets, privilege, or otherwise proprietary information and without exposing any Party or Non-party to undue annoyance, embarrassment, oppression, and without subjecting the Parties and the Court to numerous discovery motions.

e. <u>Reliance on this Order:</u>

The Parties agree to limit dissemination of any documents and information as set forth in this Order and are materially relying on the representations and covenants contained within.

**B.     DESIGNATION OF CONFIDENTIAL INFORMATION.** Designation of information under this Order must be made by placing or affixing on the document or material, in a manner that will not interfere with its legibility, the word "CONFIDENTIAL."

1. One who produces information, documents, or other material may designate them as "CONFIDENTIAL" when the person in good faith believes they

contain trade secrets or nonpublic confidential technical, commercial, financial, personal, or business information.

      2.    Except for information, documents, or other materials produced for inspection at the party's facilities, the designation of confidential information as CONFIDENTIAL must be made prior to, or contemporaneously with, their production or disclosure. In the event that information, documents or other materials are produced for inspection at the party's facilities, such information, documents, or other materials may be produced for inspection before being marked confidential. Once specific information, documents, or other materials have been designated for copying, any information, documents, or other materials containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated them. There will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and marked confidential pursuant to this procedure.

      3.    Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives will be deemed confidential only if designated as such when the deposition is taken or within 30 days of receipt of the deposition transcript.

      4.    If a party inadvertently produces information, documents, or other material containing CONFIDENTIAL information without marking or labeling it as such, the information, documents, or other material shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party within 10 days of the discovery of the inadvertent production, identifying the information, document or other material in question and of the corrected confidential designation.

**C.**    **DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION**. Information, documents, or other material designated as CONFIDENTIAL under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraphs (B)(1) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information, documents, or other material were disclosed (including appeals).

      1.    CONFIDENTIAL INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents or other material designated as "CONFIDENTIAL" by any other party or third party under this Order, except that disclosures may be made in the following circumstances:

          a.    Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a

disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

        b.     Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information, documents or other material.

        c.     Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

        d.     Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

        e.     Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

        f.     Disclosure may be made to persons already in lawful and legitimate possession of such CONFIDENTIAL information.

    **D.**    **MAINTENANCE OF CONFIDENTIALITY**. Except as provided in subparagraph (B), counsel for the parties must keep all information, documents, or other material designated as confidential that are received under this Order secure within their exclusive possession and must place such information, documents, or other material in a secure area.

        1.     All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of information, documents, or other material designated as confidential under this Order, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if not already containing that designation.

        2.     To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court utilizing the procedures set forth in Western District of Wisconsin Administrative Order #337. If a Court filing contains information, documents, or

other materials that were designated "CONFIDENTIAL" by a third party, the party making the filing shall provide notice of the filing to the third party.

        3.      Parties or persons may not share the contents of Confidential Material or Confidential Documents to non-qualified persons not specifically designated under Section C. "Disclosure and Use of Confidential Information" herein.

        4.      The parties are not responsible for the disclosure of Confidential Material or Confidential Documents so long as the parties themselves are not the source of the disclosure.

**E.**    **CHALLENGES TO CONFIDENTIALITY DESIGNATION**. A party may challenge the designation of confidentiality by motion. The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as confidential. The Court may award the party prevailing on any such motion actual attorney fees and costs attributable to the motion.

**F.**    **NON-WAIVER**. This Order is not, and shall not be interpreted as, a waiver by any Party of any right to claim in this lawsuit or otherwise, that the documents or information are privileged or otherwise undiscoverable.

**G.**    **CONCLUSION OF LITIGATION**. At the conclusion of the litigation, a party may request that all information, documents, or other material not filed with the Court or received into evidence and designated as CONFIDENTIAL under this Order must be returned to the originating party or, if the parties so stipulate, destroyed, unless otherwise provided by law. Notwithstanding the requirements of this paragraph, a party may retain a complete set of all documents filed with the Court, subject to all other restrictions of this Order.

**H.**    **MODIFICATION PERMITTED.** Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

**I.**    **RESPONSIBILITY OF ATTORNEYS.** The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of Confidential Information. The attorneys of record are responsible for ascertaining that, at the conclusion of this litigation, all retained experts and/or consultants to whom Financial Records have been disclosed or disseminated have destroyed all documents and other materials, and copies thereof, produced pursuant to this Order.